UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------- x

JOSE SIERRA,

                                Plaintiff,

              -against-

THE CITY OF NEW YORK AND POLICE OFFICERS
JOHN DOES1-7,

                                Defendants.

-------------------------------------------------------------------------- x

**ECF CASE**

**COMPLAINT**

**08 CV 0507 (LBS)**

Jury Trial Demanded

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983, the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York.  This case arises from an October 21, 2006 incident in which the City of New York and several members of the New York City Police Department ("NYPD") subjected plaintiff to false arrest, excessive force, assault, battery, fabricated evidence and negligence.  Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.      Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his state law claims of false arrest, assault, battery, and

negligence. With respect to these state law claims, a notice of claim was duly filed on the City

of New York within 90 days of the incident, more than 30 days have elapsed since such filing,

and the City has refused to settle plaintiff's state law claims.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because

defendant City of New York is subject to personal jurisdiction in the Southern District of New

York. Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the City of New

York's deliberate indifference to plaintiff's rights under federal and state law took place in this

district, specifically at NYPD Headquarters located at One Police Plaza, and at the office of the

Civilian Complaint Review Board located at 40 Rector Street.

## PARTIES

5.      Plaintiff is a resident of the State of New York, County of Kings.

6.      The City of New York is a municipal corporation organized under the

laws of the State of New York.

7.      Police Officers John Does1-7 are members of the NYPD who were

involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on October 21,

2006. John Does 1-7 are each sued in their individual capacity.

## STATEMENT OF FACTS

8.      On October 21, 2006, plaintiff lawfully entered and remained inside of an

apartment building located at 72 Stone Street, Brooklyn, New York.

9.      At approximately 6:00 a.m., on the aforesaid date, plaintiff exited the

aforesaid location.

10.     Several New York City Police Officers, identified herein as John Does 1-

7, forcibly seized plaintiff without legal justification.

11.    In the course of seizing plaintiff, the officers used excessive force and assaulted and battered plaintiff by pointing a firearm at plaintiff, thrusting plaintiff's body against a fence, twisting plaintiff's arm, ramming an elbow into the back of plaintiff's neck, and handcuffing plaintiff excessively tight.

12.    The officers falsely arrested plaintiff, escorted plaintiff to a police van, and kept plaintiff handcuffed in the van for approximately six hours while traveling through the streets of Brooklyn.

13.    Thereafter the officers took plaintiff to the 77th Precinct for arrest processing and then to Central Booking located at 120 Schermerhorn, Brooklyn, New York for further arrest processing.

14.    At Central Booking, the officers fabricated evidence against claimant, stating that plaintiff was a participant in a sale of narcotics.

15.    After review of the charges made by the officers against plaintiff, the Kings County District Attorney's Office declined to prosecute plaintiff.

16.    Plaintiff was released without prosecution after being held in custody for a total of approximately twenty-four hours.

17.    As a result of defendants' actions, plaintiff suffered pain, physical injury, emotional distress, fear, embarrassment, humiliation, discomfort, a substantial inconvenience, and a loss of liberty.

## FEDERAL CLAIMS AGAINST POLICE OFFICERS JOHN DOE 1-7

18.    Plaintiff repeats and realleges the allegations contained in ¶¶ 1-17 as if fully set forth herein.

19.     The conduct of Police Officers John Does 1-7, as described herein,

amounted to false arrest, excessive force, and fabricated evidence.  This conduct violated

plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to

the United States Constitution.

**STATE LAW CLAIMS AGAINST
POLICE OFFICERS JOHN DOE 1-7**

20.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-19 as if

fully set forth herein.

21.     The conduct of Police Officers John Does 1-7, as described herein,

amounted to false arrest, assault, battery, and negligence in violation of the laws of the State of

New York.

**FEDERAL CLAIM AGAINST THE
CITY OF NEW YORK**

22.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-21 as if

fully set forth herein.

23.     The City of New York directly caused the constitutional violations

suffered by plaintiff.

24.     Upon information and belief, the City of New York, at all relevant times

herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the

City's own observations, that its police officers, including Police Officers John Doe 1-7 are unfit,

ill-tempered officers who have the propensity to commit the acts alleged herein.  Nevertheless,

the City of New York exercised deliberate indifference by failing to take remedial action.  The

City failed to properly train, retrain, supervise, discipline, and monitor the officers and

4

improperly retained and utilized them.  Moreover, the City of New York failed to adequately investigate prior complaints against the officers.

25.     The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

## STATE LAW CLAIMS AGAINST THE
## CITY OF NEW YORK

26.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-25 as if fully set forth herein.

27.     Because Police Officers John Does 1-7 were acting within the scope of their employment as members of the NYPD during the incident in question, the City of New York is vicariously liable under state law for false arrest, assault, battery, and negligence.

28.     Further, the City of New York is liable under state law because it negligently hired, trained, supervised, and retained Police Officers John Does1-7.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.     Compensatory damages in an amount to be determined by a jury;

b.     Punitive damages in an amount to be determined by a jury;

c.     Costs, interest and attorney's fees;

d.     Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:      January 15, 2008
            Brooklyn, New York



_____/s/_____
IZABEL OLSZOWA GARCIA (IG 2844)
Attorney for Plaintiff
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 855-4835