UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

JOSE SIERRA,                                                               **ANSWER**

                        Plaintiff,

            -against-                                           **08 CV 0507 (LBS)**

THE CITY OF NEW YORK AND POLICE OFFICER JOHN
DOES 1-7

                        Defendants.

                                                                      Jury Trial Demanded
------------------------------------------------------------------ X

        Defendant City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

1.     Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

2.     Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

3.     Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

4.     Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to base venue as stated therein.

5.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6. Denies the allegations set forth in paragraph "6" of the complaint, except admits that defendant City of New York is a municipal corporation.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Denies the allegations set forth in paragraph "10" of the complaint.

11. Denies the allegations set forth in paragraph "11" of the complaint.

12. Denies the allegations set forth in paragraph "12" of the complaint.

13. Denies the allegations set forth in paragraph "13" of the complaint, except admits that plaintiff was taken to the 77th Precinct.

14. Denies the allegations set forth in paragraph "14" of the complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. In response to the allegations set forth in paragraph "18" of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1 through 17 inclusive of this answer, as if fully set forth herein.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. In response to the allegations set forth in paragraph "20" of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1 through 19 inclusive of this answer, as if fully set forth herein.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. In response to the allegations set forth in paragraph "22" of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1 through 21 inclusive of this answer, as if fully set forth herein.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. In response to the allegations set forth in paragraph "26" of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1 through 25 inclusive of this answer, as if fully set forth herein.

27. Paragraph "27" of the complaint sets forth conclusions of law rather than averments of fact, accordingly no response is required.

28. Paragraph "28" of the complaint sets forth conclusions of law rather than averments of fact, accordingly no response is required.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

29. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

30. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

31. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

32. At all times relevant to the acts alleged in the complaint, the duties and functions of the City's officials entailed the reasonable exercise of their proper and lawful discretion. Therefore, defendant has governmental immunity from liability.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

33. Punitive damages cannot be awarded against the City of New York.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

34. The actions of any police officers involved were justified by probable cause.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

35. Plaintiff failed to comply with New York General Municipal Law §§ 50(e), 50(h) and 50(i).

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

36. Plaintiff did not satisfy all the conditions precedent to suit.

## AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

37. There was probable cause for plaintiff's arrest, detention and prosecution.

**WHEREFORE**, defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      April 12, 2008

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                 City of New York
                              *Attorney for Defendant City of New York*
                              100 Church Street, Rm. 3-148
                              New York, New York 10007
                              (212) 788-1277

By: _____
       JOYCE CAMPBELL PRIVETERRE
       Assistant Corporation Counsel

TO:    Izabel Olszowa Garcia, Esq.
        Attorney for Plaintiff
        26 Court Street, Suite 1815
        Brooklyn, New York 11242
        Tel: (646) 239-4330

Index No. **08 CV 0507 (LBS)**

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| JOSE SIERRA,<br><br>                              Plaintiff,<br><br>                         -against-<br><br>THE CITY OF NEW YORK AND POLICE OFFICER JOHN DOES 1-7<br><br><br>                              Defendants. |
| **ANSWER** |
| *MICHAEL A. CARDOZO*<br><br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendant*<br>*City of New York*<br>*100 Church Street, Room 3-148*<br>*New York, N.Y.  10007*<br><br>*Of Counsel:* Joyce Campbell Privéterre<br>*Tel:  (212) 788-1277*<br>*NYCLIS No.* |
| Due and timely service is hereby Admitted.<br>New York, N.Y.                          , 2008<br>                                                    , Esq.<br>Attorney for |

-7-