

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

JOSE SIERRA,

                                           Plaintiff,

              -against-

THE CITY OF NEW YORK, POLICE OFFICER
ROBERT O'BRIEN, Shield No. 898, SERGEANT
DWIGHT SMITH, Shield No. 4019, and LIEUTENANT
EDWIN HERNANDEZ,

                                         Defendants.

------------------------------------------------------------------- x

**ECF CASE**

**FIRST AMENDED COMPLAINT**

**08 CV 507 (LBS)**

Jury Trial Demanded

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which the plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983, the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. This case arises from an October 21, 2006 incident in which the City of New York and several members of the New York City Police Department ("NYPD") subjected plaintiff to false arrest, excessive force, assault, battery, fabricated evidence and negligence. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his state law claims of false arrest, assault, battery, and negligence. With respect to these state law claims, a notice of claim was duly filed on the City of New York within 90 days of the incident, more than 30 days have elapsed since such filing, and the City has refused to settle plaintiff's state law claims.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Southern District of New York. Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the City of New York's deliberate indifference to plaintiff's rights under federal and state law took place in this district, specifically at NYPD Headquarters located at One Police Plaza, and at the office of the Civilian Complaint Review Board located at 40 Rector Street.

## PARTIES

5. Plaintiff is a resident of the State of New York, County of Kings.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. Police Officer ROBERT O'BRIEN, Shield No. 898 (hereinafter "O'BRIEN") is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on October 21, 2006. Officer O'BRIEN is sued in his individual capacity.

8. Sergeant DWIGHT SMITH, Shield No. 4019 (hereinafter "SMITH") is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on October 21, 2006. Sergeant SMITH is sued in his individual capacity.

9. Lieutenant EDWIN HERNANDEZ, Tax Id No. 902804, (hereinafter "HERNANDEZ") is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on October 21, 2006. Lieutenant HERNANDEZ is sued in his individual capacity.

## STATEMENT OF FACTS

10. On October 21, 2006, plaintiff lawfully entered and remained inside of an apartment building located at 72 Stone Street, Brooklyn, New York.

11. At approximately 6:00 a.m., on the aforesaid date, plaintiff exited the aforesaid location.

12. Defendants O'BRIEN, SMITH, and HERNANDEZ forcibly seized plaintiff without legal justification.

13. In the course of seizing plaintiff, the officers used excessive force and assaulted and battered plaintiff by pointing a firearm at plaintiff, thrusting plaintiff's body against a fence, twisting plaintiff's arm, ramming an elbow into the back of plaintiff's neck, and handcuffing plaintiff excessively tight causing marks on plaintiff's wrists and interference with his circulation.

14. All the individual defendants are alleged to have acted in concert in the use of excessive and unnecessary force against plaintiff. The individual defendants who did not make physical contact with plaintiff during the assault on plaintiff watched the assault take place and failed to intervene or take remedial action.

15. The officers falsely arrested plaintiff, escorted plaintiff to a police van, and kept plaintiff handcuffed in the van for approximately six hours while traveling through the streets of Brooklyn.

16. Thereafter the officers took plaintiff to the 77th Precinct for arrest processing and then to Central Booking located at 120 Schermerhorn, Brooklyn, New York for further arrest processing.

17. At Central Booking, the officers fabricated evidence against claimant, stating that plaintiff was a participant in a sale of narcotics.

18. After review of the charges made by the officers against plaintiff, the Kings County District Attorney's Office declined to prosecute plaintiff.

19. Plaintiff was released without prosecution after being held in custody for a total of approximately twenty-four hours.

20. As a result of defendants' actions, plaintiff suffered pain, physical injury, emotional distress, fear, embarrassment, humiliation, discomfort, a substantial inconvenience, and a loss of liberty.

### FEDERAL CLAIMS AGAINST O'BRIEN, SMITH, AND HERNANDEZ

21. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-20 as if fully set forth herein.

22. The conduct of O'BRIEN, SMITH, and HERNANDEZ, as described herein, amounted to false arrest, excessive force, and fabricated evidence. This conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

### STATE LAW CLAIMS AGAINST O'BRIEN, SMITH, AND HERNANDEZ

23. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-22 as if fully set forth herein.

24. The conduct of O'BRIEN, SMITH, and HERNANDEZ, as described herein, amounted to false arrest, assault, battery, malicious prosecution, and negligence in violation of the laws of the State of New York.

### FEDERAL CLAIM AGAINST THE CITY OF NEW YORK

25. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-24 as if fully set forth herein.

26. The City of New York directly caused the constitutional violations suffered by plaintiff.

27. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that its police officers, including O'BRIEN, SMITH, and HERNANDEZ are unfit, ill-tempered officers who have the propensity to commit the acts alleged herein. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, the City of New York failed to adequately investigate prior complaints against the officers.

28. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

### STATE LAW CLAIMS AGAINST THE CITY OF NEW YORK

29. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-28 as if fully set forth herein.

30. Because O'BRIEN, SMITH, and HERNANDEZ were acting within the scope of their employment as members of the NYPD during the incident in question, the City of New York is vicariously liable under state law for false arrest, assault, battery, malicious prosecution, and negligence.

31. Further, the City of New York is liable under state law because it negligently hired, trained, supervised, and retained O'BRIEN, SMITH, and HERNANDEZ.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Costs, interest and attorney's fees;

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:   July 29, 2008
         Brooklyn, New York

IZABEL OLSZOWA GARCIA (IG 2844)
Attorney for Plaintiff
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 855-4835